**Jose Sedano RUIZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70083.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 25, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Sedano Ruiz, Santa Maria, CA, pro se.

CAC--District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Jose Sedano Ruiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008), and we review de novo due process claims, *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Petitioner's motion to reopen as untimely because the motion was filed more than ten months after the BIA's March 27, 2006 order dismissing Petitioner's appeal. *See* 8 C.F.R. § 1003.2(c)(2).

■ Petitioner's contentions that the BIA violated due process by denying his motion and by failing to consider the evidence he submitted with the motion therefore fail. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

■ We lack jurisdiction to review Petitioner's contentions that the filing deadline should have been equitably tolled and that the motion should have been excepted from the regulatory limitation, because Petitioner failed to raise those issues before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court generally lacks jurisdiction to review contentions not raised before the agency).

■ We also lack jurisdiction to review Petitioner's contentions to the extent he challenges the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**